I concur with the majority opinion, but write separately to fully address the second assignment of error and the trial court's reply to the jury's question.
The trial court chose not to deliver a Howard charge to the jury. Presumably, the jury had only been deliberating for a couple of hours prior to posing its question; therefore, the trial court's decision not to provide the Howard charge was not error. State v. Long (Oct. 12, 2000), Cuyahoga App. No. 77272, unreported. However, the charge provided was erroneous because it included a misstatement of the law.
The law encourages jurors to agree, not to deadlock, and a court may urge a jury to make a reasonable effort to reach a verdict. Long, supra; State v. Sabbah (1982), 13 Ohio App.3d 124, 138, 468 N.E.2d 718, 733. However, a trial court cannot require a jury to reach a decision as the court did in the present case. See Howard, 42 Ohio St.3d at 23.
In formulating the Howard charge, the Ohio Supreme Court stated that:
 [A] supplemental instruction must not be coercive by stressing that the jury must reach a verdict, a clear misstatement of law. Id.
Here, the trial court misstated the law by telling the jurors that they were required to reach a decision on each count. Instead, the Howard charge encourage[s] a verdict where one can conscientiously be reached. Id. at 25. (Emphasis added.)
The State argues that Bolling waived his right to raise this error on appeal because he failed to object at the trial court. However, there is no evidence in the record that the supplemental jury instruction was presented to defense counsel prior to giving it to the jury. The note to the jury is part of the trial exhibits, but was not referred to on the record. Further, the State does not claim that there was a discussion between the trial judge, the prosecutor, and Bolling's counsel. Thus, the fact that there was no objection to the supplemental jury instruction at the trial court should not be held against Bolling. Further, given that the instruction is a clear misstatement of law according to Howard, this instruction would not survive scrutiny under a plain error review.
Therefore, I agree with the majority that the second assignment of error has merit, and that the convictions must be vacated.